IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE NICKLAS, DAVIAN ROGERS, and JERROD ROGERS, on behalf of themselves and all similarly situated Individuals, | : : : : : | CASE NO.: 2:22-cv-03304 |
| Plaintiffs, | : : | JUDGE: _____ |
| v. | : : | |
| PICKAWAY PLAINS AMBULANCE SERVICE, INC. d/b/a PRO CARE MEDICAL TRANSPORTATION SERVICE, | : : : : : | **JURY DEMANDED** |
| Defendant. | : : | |

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

This is an action brought by Stephanie Nicklas, Davian Rogers, and Jerrod Rogers ("Named Plaintiffs") on behalf of themselves and all current and former non-exempt employees (hereinafter "the Putative Class Members") (Named Plaintiffs and the Putative Class Members will be collectively referred to as "Plaintiffs") who worked for Pickaway Plains Ambulance Service, Inc. d/b/a Pro Care Medical Transportation Service ("Defendant" or "Defendant Pickaway Plains") at any time from approximately August of 2019 through the final disposition of this matter to recover compensation, liquidated damages, treble damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60.

The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2. This Court has supplemental jurisdiction over Named Plaintiff's Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

3. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Pickaway County, Ohio, and Defendant's headquarters is located there.

## II. THE PARTIES

4. Stephanie Nicklas is an adult resident of Laurelville, Ohio residing at 18704 Logan Avenue, Laurelville, Ohio 43135 and was formerly employed by Defendant as a Paramedic. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

5. Davian Rogers is an adult resident of Wellston, Ohio residing at 210 N. New York Avenue, Wellston, Ohio 45692 and was formerly employed by Defendant as an Emergency Medical Technician ("EMT"). Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

6. Jerrod Rogers is an adult resident of Wellston, Ohio residing at 210 N. New York Avenue, Wellston, Ohio 45692 and was formerly employed by Defendant as an EMT. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit C**.

7. The Putative Class Members are those current and former employees employed by Defendant as paramedics, emergency medical technicians ("EMTs") and/or ambulance personnel at any time from approximately August of 2019 through the final disposition of this matter and have been subjected to the same illegal pay practice as the Named Plaintiffs.

8. Defendant Pickaway Plains is a domestic for-profit corporation licensed to do business in Ohio and currently doing business at 35 Logan Road, Mansfield, Ohio 43130. Process may be served upon its Registered Agent, Scott Allan Pullins, at 110 East Gambier Street, Suite 3, Mount Vernon, Ohio 43050.

### III. STATEMENT OF FACTS

9. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA, Section 34a, and the Ohio Acts.

10. During all times material to this Complaint, Defendant employed Named Plaintiffs and the Putative Class Members within the meaning of the FLSA, Section 34a, and the Ohio Acts.

11. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12. During all times material to this Complaint, Named Plaintiffs and the Putative Class Members have been Defendant's employees pursuant to Section 34a and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

13. During all times material to this Complaint, Defendant hired the Named Plaintiffs and the Putative Class Members to work as Paramedics and/or Emergency Medical Technicians (EMTs) to provide emergency and non-emergency care for patients at the scene of an incident and to take patients from the scene of an incident to a hospital by ambulance.

14. Defendant uses employees like the Named Plaintiffs and the Putative Class Members to provide emergency and non-emergency medical transportation to patients.

15. During all times material to the Complaint, Named Plaintiffs and the Putative Class Members' primary duties were those of an "Other First Responder", specifically, paramedics, emergency medical technicians ("EMTs") and/or ambulance personnel as those jobs are described pursuant to 29 C.F.R. § 541.3 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

16. To the date of the filing of this Complaint, Named Plaintiffs and the Putative Class Members have yet to receive either their ultimate or both their ultimate and penultimate paychecks owed to them by Defendant for work they have already performed for Defendant's benefit.

17. Indeed, Named Plaintiffs and the Putative Class Members are owed for several weeks' worth of work performed while employed by Defendant.

18. Upon information and belief, Stephanie Nicklas reached out an individual involved in Defendant's upper management, Mr. Patrick O'Neill, on July 30, 2022 to inquire about when she and her other co-workers would be receiving their owed payment for work already performed.

19. Upon information and belief, Mr. O'Neill stated that Defendant would pay as soon as it was able to.

20. On July 31, 2021, Named Plaintiffs' Jerrod Rogers and Stephanie Nicklas and the Putative Class Members received an email from Defendant that Defendant was closing its

Lancaster, Mt. Vernon, and Columbus locations, effectively terminating the Named Plaintiffs and Putative Class Members who were employed in these branches. **Attached as Exhibit D**.

21. Defendant made no indication in its email that it was going to pay the Named Plaintiffs and the Putative Class Members who were affected by these branch closings, and none of the Named Plaintiffs and the Putative Class Members have received payment for their work performed from approximately July 10, 2022 to their final day of work for Defendant.

22. Resultingly, Named Plaintiffs and the Putative Class Members are still owed for approximately hundreds to thousands of hours worked engaged in under Defendant's employment and for Defendant's benefit.

23. As a result of this failure to pay Named Plaintiffs and the Putative Class Members, Defendant violated the FLSA's and Ohio's minimum wage provisions as it has not compensated Named Plaintiffs and the Putative Class members at the federal and Ohio statutorily mandated minimum wage *for all hours worked*.

24. As of the filing of this Complaint, Named Plaintiffs and the Putative Class Members have not been paid all of the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

25. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all of the Named Plaintiffs' and Putative Class Members' at least the federal or the Ohio minimum wage for all hours worked in this action.

IV. **CAUSES OF ACTION**

**COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS**

A. **FLSA COVERAGE**

26. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

27. The FLSA Collective is defined as:

**All paramedics, emergency medical technicians ("EMTs") and/or ambulance personnel who have been employed by Pickaway Plains Ambulance Service, Inc. d/b/a Pro Care Medical Transportation Service during the past three years who were not paid at least the federal minimum wage for all hours they worked. ("FLSA Collective")**

28. Named Plaintiffs reserve the right to amend and refine the definition of the class they seek to represent based upon further investigation and discovery.

29. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. During the respective period of the Named Plaintiffs' and the FLSA Collective members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

32. In performing the operations hereinabove described Named Plaintiffs and the FSLA Collective members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

33. Specifically, Named Plaintiffs and the FLSA Collective members are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

34. At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

35. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

36. Collective action treatment of Named Plaintiffs and the FLSA Collective members' claims is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

37. Further, Named Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiffs and the FLSA Collective members, having willfully been not paid at least the federal minimum wage for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

38. The Named Plaintiffs and the FLSA Collective members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal minimum wages.

39. Named Plaintiffs are similarly situated to the FLSA Collective members and will prosecute this action vigorously on their behalf.

40. Named Plaintiffs intend to send notice to all the FLSA Collective Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective members are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

41. Named Plaintiffs and the FLSA Collective members have been damaged by Defendant's willful refusal to pay at least the federal minimum wage for all hours worked. As a result of Defendant's FLSA violations, Named Plaintiffs and the FLSA Collective members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## RULE 23 CLASS ACTION UNDER THE OHIO CONSTITUTION

42. Named Plaintiffs bring their claims pursuant to the Section 34a under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All paramedics, emergency medical technicians ("EMTs") and/or ambulance personnel who have been employed by Pickaway Plains Ambulance Service, Inc. d/b/a Pro Care Medical Transportation Service ("Defendant") during the past three years who were not paid at least the Ohio minimum wage for all hours they worked ("Ohio Rule 23 Minimum Wage Class").**

43. Named Plaintiffs reserve the right to amend and refine the definition of the Ohio Minimum Wage Class they seek to represent based upon further investigation and discovery.

44. The number and identity of the Ohio Rule 23 Minimum Wage Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

45. The Ohio Rule 23 Minimum Wage Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

46. Upon information and belief, there are more than 50 Ohio Rule 23 Minimum Wage Class members.

47. Named Plaintiffs' claims are typical of those claims which could be alleged by any Ohio Rule 23 Minimum Wage Class member, and the relief sought is typical of the relief which would be sought by each Ohio Rule 23 Minimum Wage Class member in separate actions.

48. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least the Ohio minimum wage for all hours worked.

49. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have all sustained similar types of damages as a result of Defendant's failure to comply with Section 34a, the Ohio Wage Act and the OPPA.

50. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Ohio Rule 23 Minimum Wage Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Rule 23 Minimum Wage Class members.

51. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies and willful conduct.

52. Named Plaintiffs are able to protect the interests of the Ohio Rule 23 Minimum Wage Class members and have no interests antagonistic to the Ohio Rule 23 Minimum Wage Class fairly and adequately.

53. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

55. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

56. Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members individually and include, but are not limited to:

   a. Whether Defendant improperly failed to pay the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members at least the Ohio minimum wage for all hours worked;

   b. Whether the wages owed to the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members remain unpaid for more than thirty (30) days;

   c. Whether Defendant's companywide decision to not pay the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members at least the Ohio minimum wage for all hours worked was willful and without a good faith basis;

   d. The nature and extent of class-wide injury and the measure of damages for those injuries.

57. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have been damaged by Defendant's willful refusal to pay at least the Ohio minimum wage for all hours worked and to make that payment within thirty (30) days of the works' performance.

58. As a result of Defendant's Section 34a, Ohio Wage Act and OPPA violations, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

59. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

60. During the time period from approximately August of 2019 to the present, Defendant was Named Plaintiffs' and the FLSA Collective Action Members' "employer" within the meaning of 29 U.S.C. § 203(d) and subject to the provisions of the FLSA.

61. During the time period from approximately August of 2019 to the present, Named Plaintiffs and the FLSA Collective Members were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

62. During the time period from approximately August of 2019 to the present, Defendant employed Named Plaintiffs and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

63. During all times material to this Complaint, Named Plaintiffs and the FLSA Collective Members were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside

sales or computer employee exempt from the FLSA's mandate to pay at least the federal minimum wage for all hours worked.

64. At all times material to this Complaint, Defendant failed to pay Named Plaintiffs and the FLSA Collective members the federal minimum wage for all hours worked, in violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

65. Defendant had no good faith basis for failing to pay Named Plaintiffs and the FLSA Collective members the lawful federal minimum wage rates while they were employees, nor was Defendant's failure based on a belief that such failure was not in violation of the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiffs and the FLSA Collective members are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid, cost and attorney fees.

## COUNT II
### VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION FOR FAILURE TO PAY THE OHIO MINIMUM WAGE

66. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

67. Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

68. At all times material to this Complaint, in 2022 the Ohio minimum wage for non-exempt employees was $9.30 per hour.

69. At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

70. At all times material to this Complaint, Defendant was an "employer" covered by Section 34a of the Ohio Constitution and has been thus required to comply with its mandates.

71. At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were covered "employees" of Defendant pursuant to Section 34a of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

72. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the Ohio minimum wage for the corresponding year they worked.

73. Defendant violated the Ohio Constitution and the Ohio Wage Act by willfully refusing to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members the statutorily mandated Ohio minimum wage for all hours worked from approximately July and August of 2022.

74. In violating Section 34a and the Ohio Wage Act, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

### COUNT III
### VIOLATION OF THE OHIO PROMPT PAY ACT ("OPPA")
### FAILURE TO PROMPTLY PAY WAGES

75. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

76. At all times material to this Complaint, Defendant was an entity covered by the OPPA's provisions. *See* O.R.C. § 4113.15.

77. At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were covered employees within the meaning of OPPA. *See* O.R.C. § 4113.15.

78. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

79. At all times material to this Complaint, Defendant has refused to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members all wages at the statutorily mandated Ohio minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

80. Named Plaintiffs' and the Ohio Rule 23 Minimum Wage Class members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard for the OPPA's provisions.

82. Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

### COUNT IV
### CIVIL PENALTIES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

83. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

84. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

85. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the FLSA Collective members have been injured as a result.

86. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

87. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves, the FLSA Collective Action Members, and the Ohio Rule 23 Minimum Wage Class, pray that this Court enter the following relief:

A. An Order certifying a collective action pursuant to 29 U.S.C. § 216(b) for the FLSA Collective members;

B. Designating Named Plaintiffs as representatives for the FLSA Collective and designating counsel of record Class Counsel;

C. Issuing proper notice to the FLSA Collective members at Defendant's expense;

D. Unpaid federal minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the FLSA Collective members;

E. An Order certifying an Ohio Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23;

F. Designation of the Named Plaintiffs as representatives of the Ohio Rule 23 Minimum Wage Class and counsel of record as Class Counsel;

G. A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act and the OPPA;

H. An award of unpaid minimum wages due under Section 34a and the Ohio Wage Act;

I. An award of damages under Section 34a, based on Defendant's failure to pay minimum wages pursuant to Section 34a, calculated as an additional two times of back wages.

J. Awarding Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

K. Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

L. Compensatory and punitive damages under O.R.C. § 2307.60.

M. Awarding pre-judgment and post-judgment interest;

N. An award of prejudgment and post-judgment interest;

O. An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

P. Any other relief to which the Named Plaintiffs, the FLSA Collective members, and the Ohio Rule 23 Minimum Wage Class members may be entitled.

Dated: September 1, 2022                                     Respectfully submitted,

                                                */s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs and the Putative Class Members.*